# EXHIBIT 1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GEORGE JACKSON
   Vs.                                      C.A. No.      2014 CA 005027 B
POTOMAC ELECTRIC POWER COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge LAURA A CORDERO
Date:   August 14, 2014
Initial Conference: 9:30 am, Friday, November 14, 2014
Location:   Courtroom A-50
                 515 5th Street N.W.
                 WASHINGTON, DC  20001                                  Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

George Jackson
_____
Plaintiff

vs.                                                    14 - 0 0 0 5 0 2 7

Case Number _____

Potomac Electric Power Company
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Andrew G. Slutkin
_____
Name of Plaintiff's Attorney                                      *Clerk of the Court*

201 North Charles Street, 26th Fl.
_____                           By _____
Address
Baltimore, MD  21201                                                      Deputy Clerk

(410) 385-2225
_____                           Date _____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                  CASUM.doc



## ˙˙TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

George Jackson

Demandante

contra

Potomac Electric Power Company                    Número de Caso: _____

Demandado

### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Andrew G. Slutkin

<em>SECRETARIO DEL TRIBUNAL</em>

Nombre del abogado del Demandante

201 North Charles Street, 26th Fl.                    Por: _____

Dirección
Baltimore, MD  21201                                        Subsecretario

(410) 385-2225                                                  Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés<br>See reverse side for English original

CASUM.doc

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA

Civil Division

GEORGE JACKSON                          *
330 Federal Way
Pine Knot, Kentucky  42635              *

    Plaintiff                   *

v.                                      *

POTOMAC ELECTRIC POWER COMPANY          *
701 Ninth Street, Suite 1300
Washington, DC 20068                    *
SERVE ON:  CT Corporation System
       1015 15th Street, NW, Suite 1000   *
       Washington, D.C. 20005
                      *

    and                         *

PEPCO HOLDINGS, INC.                    *
701 Ninth Street, Suite 1300
Washington, DC 20068                    *
SERVE ON:  CT Corporation System
       1015 15th Street, NW, Suite 1000   *
       Washington, D.C. 20005

    Defendants                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*



RECEIVED
Civil Clerk's Office
AUG 1 4 2014
Superior Court
of the District of Columbia
Washington, D.C.

14 - 0 0 0 5 0 2 7

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Wrongful Death)

The Plaintiff, George Jackson, by and through his attorneys, Andrew G. Slutkin, Steven

J. Kelly and Silverman Thompson Slutkin & White, LLC, hereby sues the Defendants, Potomac

Electric Power Company and Pepco Holdings, Inc., and in support thereof, states as follows:

## PARTIES AND JURISDICTION

1.    At all times relevant to this case, the Plaintiff, George Jackson ("Mr. Jackson" or "Plaintiff""), has been the father of the decedent, Indy Saunders.  Mr. Jackson brings this action individually, as the father of Indy Saunders.

2.    At all times relevant to this case, the Defendant, Pepco Holdings, Inc., has been a corporation with its principal place of business in the District of Columbia.

3.    At all times relevant to this case, the Defendant, Potomac Electric Power Company, has been a corporation with its principal place of business in the District of Columbia.

4.    The Defendants, Pepco Holdings, Inc. and Potomac Electric Power Company (hereafter collectively referenced as "Defendant Pepco" or "the Defendants"), owned, operated, maintained and/or were otherwise responsible for power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the 3200 block of Naylor Road in Temple Hills, Maryland, in Prince George's County, prior to the incident in this case.

5.    Jurisdiction is vested in this court pursuant to D.C. Code Section 11-921 (1981 ed. as amended.).

6.    Damages in this case are in excess of $75,000.

## FACTS

7.    Mr. Jackson is the father of Indy Saunders ("Indy").

8.    On or about August 20, 2011, at approximately 2 am, when Indy was 19 years old, he was standing in the 3200 block of Naylor Road in Temple Hills, Maryland, in Prince George's County (the "Location of the Incident") when, suddenly, and without any warning, tree branches fell on a Pepco power line near where Indy was standing, causing the top of a nearby

2

utility pole carrying high voltage to fall on Indy, causing burns to over 50% of Indy's body and other serious physical injuries, resulting in Indy's death ("the Incident").

9.      Prior to the Incident, Defendant Pepco owned, operated, maintained and was otherwise responsible for power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident.

10.     Prior to the Incident, the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident were dangerous instrumentalities under the circumstances and, thus, extremely dangerous to persons, including Indy.

11.     Prior to the Incident, the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident were in a defective and dangerous condition.

12.     Prior to the Incident, Defendant Pepco knew or should have known that the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident were in a defective and dangerous condition.

13.     Nevertheless, prior to the Incident, Defendant Pepco failed to, among other things:  timely and properly inspect the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident; timely and properly trim the trees in proximity to such power lines and utility poles located at and around the Location of the Incident; timely and properly repair the utility poles at and around the Location of the Incident; and/or otherwise make safe the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident.

14.     As a direct and proximate result of Pepco's negligence, the Incident occurred.

15.     Mr. Jackson had a close relationship with Indy prior to his death, and has been devastated by the Incident and Indy's death.

## COUNT I
### (Wrongful Death Action)

16.     The Plaintiff hereby incorporates by reference all of the allegations set forth in the above paragraphs as if fully set forth herein.

17.     The Plaintiff hereby brings a wrongful death claim against the Defendants pursuant to section 3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

18.     Defendant Pepco owned, operated, maintained and was otherwise responsible for power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the 3200 block of Naylor Road in Temple Hills, Maryland, in Prince George's County prior to the Incident, which were dangerous instrumentalities under the circumstances.

19.     Defendant Pepco had a duty to act reasonably, to use such care and caution as a reasonably prudent person would have used under all of the surrounding circumstances with the amount of care and caution corresponding to the capacity to injure, to act with great vigilance and/or to not act negligently regarding the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident.

20.     Defendant Pepco breached these duties and was otherwise negligent by, among other things:

        a.     Failing to determine that such power lines, utility poles and/or trees were in a defective and dangerous condition prior to the Incident;

4

b.   Failing to make such power lines, utility poles and/or trees safe prior to the Incident;

c.   Failing to timely and properly inspect such power lines prior to the Incident;

d.   Failing to timely and properly make such power lines safe prior to the Incident;

e.   Failing to timely and properly inspect such utility poles prior to the Incident;

f.   Failing to timely and properly make such utility poles safe prior to the Incident;

g.   Failing to timely and properly inspect such trees prior to the Incident;

h.   Failing to timely and properly make such trees safe prior to the Incident;

i.   Failing to timely and properly trim such trees prior to the Incident; and/or

j.   Failing to timely and properly make such trees safe prior to the Incident.

21.   As a direct and proximate result of the negligence of Defendant Pepco, Indy died.

22.   As a further direct and proximate result of the wrongful death of Indy, Mr. Jackson has been and will continue to be caused to sustain, among other things, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, education, services, and/or a loss of financial support.

23.   Had Defendant Pepco not been negligent, Indy would not have died and Mr. Jackson would not have suffered the above-identified injuries and damages.

24.    The injuries and damages complained of herein were directly and proximately caused by the negligence of Defendant Pepco, with no negligence on the part of Mr. Jackson or Indy contributing thereto.

25.    WHEREFORE, the Plaintiff demands judgment against the Defendants in the amount of One Million Dollars ($1,000,000.00) in Compensatory Damages.

ANDREW G. SLUTKIN (D.C. Bar # 433818)
aslutkin@mdattorney.com
STEVEN J. KELLY (D.C. Bar #1021534)
skelly@mdattorney.com
SILVERMAN THOMPSON SLUTKIN & WHITE
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
(410) 385-2225
(410) 547-2432 (fax)

*Counsel for the Plaintiff*

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all of the above claims.

ANDREW G. SLUTKIN (D.C. Bar # 433818)
aslutkin@mdattorney.com
STEVEN J. KELLY (D.C. Bar # 1021534)
skelly@mdattorney.com
SILVERMAN THOMPSON SLUTKIN & WHITE
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
(410) 385-2225

*Counsel for the Plaintiff*

August 14, 2014

| | | |
|---|---|---|
| **GEORGE JACKSON** | * | **IN THE** |
| *Plaintiff,* | * | **SUPERIOR COURT** |
| **v.** | * | **FOR THE** |
| **POTOMAC ELECTRIC POWER CO., ET AL.** | * | **DISTRICT OF COLUMBIA** |
| *Defendants.* | * | **CASE NO..:  14-CA-005027** |
| | * | **JUDGE LAURA A. CORDERO** |

\*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, INSPECTION AND COPYING OF DOCUMENTS TO DEFENDANTS

Plaintiff George Jackson, by and through his undersigned attorneys Andrew G. Slutkin, Steven J. Kelly, and Silverman, Thompson, Slutkin & White, LLC, and pursuant to the District of Columbia Superior Court Rules of Civil Procedure 26 and 34, hereby requests that Defendants, Potomac Electric Power Company and Pepco Holdings, Inc. ("Defendants" or "PEPCO"), respond to the requests below for production, inspection, and copying of documents and electronically stored information.

## GENERAL INSTRUCTIONS

Pursuant to D.C. Superior Court Rule of Civil Procedure 34, you are required to answer the following document requests 45 days after service of the summons and Complaint upon the Defendants.

1. These document requests are continuing in nature, so as to require you to supplement and/or amend your responses to these document requests should you subsequently acquire or discover additional information responsive to any of these requests to the extent contemplated by the D.C. Superior Court Rules of Civil Procedure, including Rule 26(f).



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GEORGE JACKSON
  Vs.                                                  C.A. No.      2014 CA 005027 B
POTOMAC ELECTRIC POWER COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                        Chief Judge Lee F. Satterfield

Case Assigned to:  Judge LAURA A CORDERO
Date:  August 14, 2014
Initial Conference: 9:30 am, Friday, November 14, 2014
Location:  Courtroom A-50
           515 5th Street N.W.
           WASHINGTON, DC  20001                           Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

George Jackson
_____
                                    Plaintiff

                vs.

Potomac Electric Power Company
_____
                                    Defendant

14 - 0 0 0 5 0 2 7

Case Number _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Andrew G. Slutkin
_____
Name of Plaintiff's Attorney

201 North Charles Street, 26th Fl.
_____
Address
Baltimore, MD  21201

(410) 385-2225
_____
Telephone

*Clerk of the Court*

By _____

                          Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

George Jackson
_____
                                    Demandante

            contra

Potomac Electric Power Company                    Número de Caso: _____
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Andrew G. Slutkin
_____                          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

201 North Charles Street, 26th Fl.               Por: _____
_____
Dirección                                                   Subsecretario
Baltimore, MD  21201

(410) 385-2225
_____                          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ยากมรัฐ ·ใ·ር·ዮ ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBREN LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

George Jackson
_____
                                    Plaintiff

            vs.                                          14 – 0 0 0 5 0 2 7

PEPCO Holdings, Inc.                          Case Number _____
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Andrew G. Slutkin
_____                    Clerk of the Court
Name of Plaintiff's Attorney

201 North Charles Street, 26th Fl.                By _____
_____                        Deputy Clerk
Address
Baltimore, MD  21201

        (410) 385-2225                           Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Dể có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

George Jackson

           Demandante

    contra

PEPCO Holdings, Inc.         Número de Caso:

           Demandado

### CITATORIO

Al susodicho Demandado:

  Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

  A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Andrew G. Slutkin         *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

201 North Charles Street, 26th Fl.   Por:

Dirección              Subsecretario
Baltimore, MD  21201

 (410) 385-2225        Fecha

Teléfono

如需翻譯,请打电话 (202) 879-4828  Veuillez appeler au (202) 879-4828 pour une traduction  Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오  ያስተረጉም ከፈለጉ ለማግኘት (202) 879-4828 ይደውሉ

  IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

  Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM doc

i

· IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA

Civil Division

GEORGE JACKSON                              *
330 Federal Way
Pine Knot, Kentucky  42635                  *

    Plaintiff                              *

v.                                          *

POTOMAC ELECTRIC POWER COMPANY              *
701 Ninth Street, Suite 1300
Washington, DC 20068                        *
<u>SERVE ON</u>:   CT Corporation System
            1015 15th Street, NW, Suite 1000   *
            Washington, D.C. 20005

                                            *

    and                                     *

PEPCO HOLDINGS, INC.                        *
701 Ninth Street, Suite 1300
Washington, DC 20068                        *
<u>SERVE ON</u>:   CT Corporation System
            1015 15th Street, NW, Suite 1000   *
            Washington, D.C. 20005

                                            *

    Defendants                             *

*     *     *     *     *     *     *     *     *     *     *     *     *



14 - 0 0 0 5 0 2 7

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>
### (Wrongful Death)

The Plaintiff, George Jackson, by and through his attorneys, Andrew G. Slutkin, Steven

J. Kelly and Silverman Thompson Slutkin & White, LLC, hereby sues the Defendants, Potomac

Electric Power Company and Pepco Holdings, Inc., and in support thereof, states as follows:

## PARTIES AND JURISDICTION

1.     At all times relevant to this case, the Plaintiff, George Jackson ("Mr. Jackson" or "Plaintiff""), has been the father of the decedent, Indy Saunders.  Mr. Jackson brings this action individually, as the father of Indy Saunders.

2.     At all times relevant to this case, the Defendant, Pepco Holdings, Inc., has been a corporation with its principal place of business in the District of Columbia.

3.     At all times relevant to this case, the Defendant, Potomac Electric Power Company, has been a corporation with its principal place of business in the District of Columbia.

4.     The Defendants, Pepco Holdings, Inc. and Potomac Electric Power Company (hereafter collectively referenced as "Defendant Pepco" or "the Defendants"), owned, operated, maintained and/or were otherwise responsible for power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the 3200 block of Naylor Road in Temple Hills, Maryland, in Prince George's County, prior to the incident in this case.

5.     Jurisdiction is vested in this court pursuant to D.C. Code Section 11-921 (1981 ed. as amended.).

6.     Damages in this case are in excess of $75,000.

## FACTS

7.     Mr. Jackson is the father of Indy Saunders ("Indy").

8.     On or about August 20, 2011, at approximately 2 am, when Indy was 19 years old, he was standing in the 3200 block of Naylor Road in Temple Hills, Maryland, in Prince George's County (the "Location of the Incident") when, suddenly, and without any warning, tree branches fell on a Pepco power line near where Indy was standing, causing the top of a nearby

utility pole carrying high voltage to fall on Indy, causing burns to over 50% of Indy's body and other serious physical injuries, resulting in Indy's death ("the Incident").

9.      Prior to the Incident, Defendant Pepco owned, operated, maintained and was otherwise responsible for power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident.

10.     Prior to the Incident, the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident were dangerous instrumentalities under the circumstances and, thus, extremely dangerous to persons, including Indy.

11.     Prior to the Incident, the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident were in a defective and dangerous condition.

12.     Prior to the Incident, Defendant Pepco knew or should have known that the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident were in a defective and dangerous condition.

13.     Nevertheless, prior to the Incident, Defendant Pepco failed to, among other things: timely and properly inspect the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident; timely and properly trim the trees in proximity to such power lines and utility poles located at and around the Location of the Incident; timely and properly repair the utility poles at and around the Location of the Incident; and/or otherwise make safe the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident.

14.   As a direct and proximate result of Pepco's negligence, the Incident occurred.

15.   Mr. Jackson had a close relationship with Indy prior to his death, and has been devastated by the Incident and Indy's death.

## COUNT I
### (Wrongful Death Action)

16.   The Plaintiff hereby incorporates by reference all of the allegations set forth in the above paragraphs as if fully set forth herein.

17.   The Plaintiff hereby brings a wrongful death claim against the Defendants pursuant to section 3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

18.   Defendant Pepco owned, operated, maintained and was otherwise responsible for power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the 3200 block of Naylor Road in Temple Hills, Maryland, in Prince George's County prior to the Incident, which were dangerous instrumentalities under the circumstances.

19.   Defendant Pepco had a duty to act reasonably, to use such care and caution as a reasonably prudent person would have used under all of the surrounding circumstances with the amount of care and caution corresponding to the capacity to injure, to act with great vigilance and/or to not act negligently regarding the power lines, utility poles and trees in proximity to such power lines and utility poles located at and around the Location of the Incident.

20.   Defendant Pepco breached these duties and was otherwise negligent by, among other things:

   a.   Failing to determine that such power lines, utility poles and/or trees were in a defective and dangerous condition prior to the Incident;

4

b.  Failing to make such power lines, utility poles and/or trees safe prior to the Incident;

c.  Failing to timely and properly inspect such power lines prior to the Incident;

d.  Failing to timely and properly make such power lines safe prior to the Incident;

e.  Failing to timely and properly inspect such utility poles prior to the Incident;

f.  Failing to timely and properly make such utility poles safe prior to the Incident;

g.  Failing to timely and properly inspect such trees prior to the Incident;

h.  Failing to timely and properly make such trees safe prior to the Incident;

i.  Failing to timely and properly trim such trees prior to the Incident; and/or

j.  Failing to timely and properly make such trees safe prior to the Incident.

21.  As a direct and proximate result of the negligence of Defendant Pepco, Indy died.

22.  As a further direct and proximate result of the wrongful death of Indy, Mr. Jackson has been and will continue to be caused to sustain, among other things, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, education, services, and/or a loss of financial support.

23.  Had Defendant Pepco not been negligent, Indy would not have died and Mr. Jackson would not have suffered the above-identified injuries and damages.

24.     The injuries and damages complained of herein were directly and proximately caused by the negligence of Defendant Pepco, with no negligence on the part of Mr. Jackson or Indy contributing thereto.

25.     WHEREFORE, the Plaintiff demands judgment against the Defendants in the amount of One Million Dollars ($1,000,000.00) in Compensatory Damages.

_____
ANDREW G. SLUTKIN (D.C. Bar # 433818)
    aslutkin@mdattorney.com
STEVEN J. KELLY (D.C. Bar #1021534)
    skelly@mdattorney.com
SILVERMAN THOMPSON SLUTKIN & WHITE
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
(410) 385-2225
(410) 547-2432 (fax)

*Counsel for the Plaintiff*

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all of the above claims.

_____
ANDREW G. SLUTKIN (D.C. Bar # 433818)
    aslutkin@mdattorney.com
STEVEN J. KELLY (D.C. Bar # 1021534)
    skelly@mdattorney.com
SILVERMAN THOMPSON SLUTKIN & WHITE
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
(410) 385-2225

*Counsel for the Plaintiff*

August 14, 2014